UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

ORLANDO PEREZ BELTRAN,

                          Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
16-CR-112 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 25, 2016, the defendant, Orlando Perez Beltran, pleaded guilty to one count of Importation of Heroin in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1). The Court now sentences the defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, the defendant is hereby sentenced to 30 months of incarceration, 3 years of supervised release, and a $100.00 special assessment.

## BACKGROUND

On February 25, 2016, the United States filed a Complaint against Orlando Perez Beltran ("Defendant") alleging he had unlawfully imported heroin, a Schedule II controlled substance, into the United States. Compl. at 1, ECF No. 1. The subsequent Indictment, filed on March 10, 2016, charged Defendant with two counts: (1) Importation of Heroin, in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1); and (2) Possession of Heroin with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). Indictment at 1-2, ECF No. 5. On July 25, 2016, Defendant pleaded guilty to Count One of the Indictment pursuant to a Plea Agreement. *See* Plea Agreement, ECF No. 15.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### II. Analysis

#### A. Factor One: The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born in Santurce, Puerto Rico, on February 20, 1993, to Orlando Perez Osorio and Ana Eileen Beltran Lopez. Presentence Investigation Report ("PSR") ¶ 28, ECF No. 16. Defendant's father is an engineer and his mother is a receptionist, and they provided Defendant with a "normal and happy upbringing," albeit under "modest economic

circumstances." *Id.* ¶¶ 28-29. Defendant is very close with his parents, as well as with his elder sister, who is a graduate student and a secretary. *Id.* ¶¶ 29-30. Defendant still resides at his family home in Luquillo, Puerto Rico, with his parents and sister. *Id.* ¶ 31. He has completed approximately two-and-a-half years of courses toward a degree in criminal justice at Inter American University of Puerto Rico, *id.* ¶ 39, and is also employed as a server at a hotel in San Juan, *id.* ¶ 42.

On February 24, 2016, Defendant arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, on a flight from Santo Domingo, Dominican Republic. *Id.* ¶ 3. He was stopped by U.S. Customs and Border Protection ("CBP") officers, who found 910.5 grams of heroin hidden within three pairs of sneakers Defendant had in his luggage. *Id.* ¶ 3-4. Defendant was then arrested by U.S. Homeland Security Investigation ("HSI") agents and waived his *Miranda* rights. *Id.* ¶ 4. Defendant told the HSI agents that he had met someone named "Ange" at a bar in Puerto Rico who had told him he could "make some money by importing drugs into the United States." *Id.* Shortly thereafter, Defendant was contacted by unknown individuals who provided him with a confirmation number for an airline ticket to the Dominican Republic. *Id.* He was met in Santo Domingo by a driver who took him to a hotel, where Defendant stayed for two nights. *Id.* ¶ 5. On the third day, Defendant was met at the hotel by unknown individuals who provided him with the drug-filled sneakers, which he put in his bag, and drove him to the airport. *Id.* Defendant had expected to be picked up at JFK and taken to Philadelphia, Pennsylvania, where he would deliver the drugs and be paid $7,000.00. *Id.* ¶ 6.

### B. Factor Two: The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to

3

provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter him and others from engaging in similar criminal activity in the future. The Court takes into account Defendant's youth, lack of criminal history, and "positive trajectory" while out on bail. *See* Def.'s Sentencing Mem. at 2-3, ECF No. 18. The Court's sentence also recognizes that Defendant's actions appear to have been motivated by opportunity rather than by necessity, as Defendant has benefitted from a stable upbringing and has demonstrated his ability to work. *See* Gov't Sentencing Mem. at 3, ECF No. 19.

### C. Factor Three: The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to Importation of Heroin in violation of 21 U.S.C. § 952(a) and 21 U.S.C. § 960(a)(1), for which he faces a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 960(b)(3). If a term of imprisonment is imposed, the Court must also impose a term of supervised release of at least three years unless Defendant satisfies the mitigating factors in 18 U.S.C. § 3553(f), in which case the statutory minimum does not apply. *See* 21 U.S.C. § 960(b)(3). The mitigating factors are as follows:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). Because the offense is a Class C felony, Defendant may also be sentenced to a term of probation of not less than one nor more than five years, with one of the following conditions, unless extraordinary circumstances exist: a fine, restitution, or community service. 18 U.S.C. § 3561(c)(1). Defendant also faces a maximum fine of $1,000,000.00, *id.* § 3571(b), and the mandatory special assessment of $100.00, *id.* § 3013.

### D. Factor Four: The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

Sentencing Guidelines § 2D1.1(a)(5) applies to violations of 21 U.S.C. § 952(a) and, per Guidelines § 2D1.1(c)(6), sets a base offense level of twenty-eight. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(a)(5), (c)(6) (Nov. 2016) ("USSG"). Defendant has satisfied all five of the factors outlined in 18 U.S.C. § 3553(f) and Guidelines § 5C1.2, however, so he is eligible for a two-level safety-valve reduction. USSG § 2D1.1(b)(17).

Defendant was also a minimal participant in the offense, so a four-level reduction is applied. *Id.* § 3B1.2(a). Defendant's acceptance of responsibility by pleading guilty and his timely notification of his intent to do so permits a further reduction by three levels. *Id.* § 3E1.1. Accordingly, Defendant's total adjusted offense level is nineteen. Defendant does not have a criminal history, which results in a criminal history score of zero and a criminal history category of one. PSR ¶¶ 21-26

With a total offense level of nineteen and a criminal history category of one, the Guidelines suggest a term of imprisonment of between thirty and thirty-seven months. USSG ch. 5, pt. A. The Guidelines further recommend a term of supervised release of one to three years because Defendant has satisfied the 18 U.S.C. § 3553(f) mitigating factors, meaning no statutory minimum for supervisory release applies, *id.* § 5D1.2(a)(2); a fine of between $10,000.00 and $1,000,000.00, *id.* § 5E1.2(c); and payment of the costs of prosecution, *id.* § 5E1.5. Defendant is ineligible for probation under the Guidelines. *See id.* § 5B1.1 cmt. n.2.

### E. Factor Five: Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not applicable in this case.

### F. Factor Six: The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. Factor Seven: The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 30 months of incarceration, 3 years of supervised release, and payment of the $100.00 mandatory assessment, is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2017
Brooklyn, New York